IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO SOCORRO,

        Plaintiff,                    No. CIV S 07-1313 LKK GGH P

     vs.

STATE OF CALIFORNIA, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff, pursuant to the court's order, filed on July 12, 2007, has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

1  month's income credited to plaintiff's prison trust account.  These payments shall be collected
2  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
3  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4       The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.

17      A complaint, or portion thereof, should only be dismissed for failure to state a
18 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
20 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
21 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
22 a complaint under this standard, the court must accept as true the allegations of the complaint in
23 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
24 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26 \\\\\

1    By the same order, filed July 12, 2007, wherein plaintiff was directed to file a
2 completed affidavit to support his request for in forma pauperis status, plaintiff's inadequately
3 supported motion for an emergency TRO and preliminary injunction (filed July 3, 2007) was
4 vacated without prejudice to plaintiff's filing an adequately supported motion.  In his three-page
5 form complaint, plaintiff references a memorandum of points and authorities, which is not
6 attached to the complaint in the court's docket.  Docket Entry # 1.  To the extent that plaintiff's
7 now-vacated motion for emergency injunctive relief is attached to a "statement of the case," the
8 court will construe that portion as intended to comprise the body of plaintiff's complaint.  Docket
9 Entry # 3, pp. 3-10.

10    Plaintiff names the following as defendants: the State of California, Warden D.K.
11 Sisto, A.W. Singh, Capt. Seguira (or Sequira), Lt. Ferguson, Sgt. E. Major, Sgt. Garnica, CCI
12 Lane, Rodriguez, CCII Arthur, Dr. Traquina, Dr. Noriega, Dr. Tan, Dr. Hsieh.  Complaint, p. 1,
13 (Docket Entry # 1).

14    Plaintiff claims that since 5/5/05, he has been subjected to discrimination based on
15 his race and disability.  Apparently, his undescribed complaints resulted in retaliation in the form
16 of his having had to wait for five years before receiving back surgery.  On 5/5/05, MTA Rawdon,
17 not set forth as a defendant, "influenced" Dr. Mahmoud (also not named as a defendant), in an
18 undescribed manner, rescind a medical chrono that either Rawdon or Mahmoud (it is unclear
19 who) did not like.  Plaintiff claims to be a "protected person pursuant to the ADA and the § 504
20 Rehabilitation Act, who was entitled to the "reasonable accommodation," which he does not
21 delineate, but of which he was evidently deprived as a form of retaliation for engaging in
22 protected conduct, insufficiently set forth.   Motion, p. 3, (Docket Entry # 3).

23    Despite non-defendant Rawdon's actions in getting plaintiff's medical chrono
24 rescinded, defendant Noriega re-issued the same ADA medical chrono on 6/17/05, as a result of
25 an administrative appeal (602) dated 6/20/05, which plaintiff refers to as Exhibit B, but which is
26

1  not attached to his complaint or motion.[1]  Id.

2  Plaintiff then complains that since about October of 2006, he has been trying to
3  receive "post-op," apparently, post-operative care or treatment, with non-defendant Dr.
4  Remington, who performed plaintiff's back surgery.  At some unspecified time when he was
5  taken for follow-up or attempted follow-up, CSP-Solano staff forgot to include his medical
6  records, rendering his visit to the doctor (Remington) in Modesto futile.  Id.

7  On 11/20/03, plaintiff asserts that he received a Board of Prison Terms ADA
8  chrono.  He states that this chrono is attached as Exhibit C, but it is not filed in this court's case
9  docket.  This exhibit apparently grants an ADA chrono on the basis of plaintiff's lower mobility
10  impairments, as well as because plaintiff underwent the removal of a vascular brain tumor.  Id.

11  Plaintiff claims that various inmates are discriminated against on the basis of race,
12  national origin and disabilities by defendant Dr. Tan, but plaintiff in no fashion whatever sets
13  forth what form any such alleged discrimination takes.  Id., p. 6.  Plaintiff claims to have met
14  with defendants repeatedly to protest the racial discrimination and deliberate indifference
15  exhibited by defendant Tan against disabled Hispanic inmates.  Plaintiff has also complained of
16  the defendant Tan's retaliation against such inmates for filing grievances that takes the form of
17  transfers or denial of prescribed medication.  Id., p. 7.  Defendants Dr. Traquina and Dr. Noriega
18  have refused to "act reasonably" to protect the Hispanic inmates.  Id.  Plaintiff seeks money
19  damages, declaratory and injunctive relief.

20  Plaintiff's complaint must be dismissed for more than one reason.  Some
21  individuals against whom he makes allegations, he does not specifically name as a defendant. As
22  to a number of the defendants that plaintiff has named, he sets forth no allegations whatever.  As
23  to those defendants against whom he has set forth allegations, plaintiff's complaint must be
24  dismissed because the claims that are made are vague and conclusory.  Plaintiff must set forth

---

[1] It is somewhat confusing that defendant Noriega re-issued a chrono based on an appeal that was filed several days after the re-issuance.

specifically the conduct of each defendant that he alleges deprived him of a constitutional right, rather than sweepingly refer to insufficiently described conduct as discriminatory or deliberately indifferent. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff, who alleges that he is disabled Hispanic inmate may seek to demonstrate that disabled Hispanic inmates have been subjected to violations of their constitutional rights or rights under the Americans with Disabilities Act (ADA), but plaintiff is reminded that as a pro se plaintiff, he has standing only to assert his own claims. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke

1  Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978);
2  Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).  To the extent that plaintiff
3  seeks to set forth violations of the ADA, plaintiff may bring a claim pursuant to Title II of the
4  ADA against state entities for injunctive relief and damages.  See Phiffer v. Columbia River
5  Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir.
6  2002).  Plaintiff cannot seek damages pursuant to the ADA against the defendants in their
7  individual capacities.  Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002),
8  citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001).
9           Moreover, Title II of the ADA prohibits a public entity from discriminating
10 against a qualified individual with a disability on the basis of a disability.  42 U.S.C. § 12132
11 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To
12 state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual
13 with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of
14 some public entity's services, programs, or activities; 3) the plaintiff was either excluded from
15 participation in or denied the benefits by the public entity; and 4) such exclusion, denial of
16 benefits or discrimination was by reason of the plaintiff's disability.  Weinrich, 114 F.3d at 978
17 Plaintiff may have a claim based on the ADA, but he has not set it forth here on the basis of his
18 present vague and conclusory allegations.  This complaint will be dismissed against all
19 defendants, but plaintiff has leave to amend within 30 days.
20          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
21 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
22 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
23 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
24 there is some affirmative link or connection between a defendant's actions and the claimed
25 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
26 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

1 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
2 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 8/3/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
soco1313.b