IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO SOCORRO,

    Plaintiff,                        No. CIV S 07-1313 LKK GGH P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.                  ORDER &

_____/      FINDINGS AND RECOMMENDATIONS

         Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed a belated amended complaint, which he has attached to a poorly drafted motion for a Temporary Restraining Order/Preliminary Injunction. See Docket #14 (referencing TRO only). By Order, filed on 7/12/07, plaintiff's inadequately supported motion for a TRO/PI was vacated without prejudice and plaintiff was directed to file a completed affidavit in support of his request to proceed in forma pauperis. Following plaintiff's response, by Order, filed on 8/3/07, plaintiff was granted in forma pauperis status and his complaint was dismissed with leave to file an amended complaint within thirty days. By Order, filed on 9/17/07, plaintiff was granted a thirty-day extension of time to file an amended complaint. When plaintiff failed to file an amended complaint and the time for doing so had long expired, by Findings and Recommendations, filed on 11/27/07, the court recommended dismissal of this action without prejudice.

On 12/17/07, plaintiff filed a second motion for a TRO/PI, along with a belated amended complaint.[1]  Despite the belated filing, the court will vacate the Findings and Recommendations, screen the amended complaint, and consider the motion for preliminary injunctive relief.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff has scattered within his amended complaint the names of the following as defendants: the State of California, Warden D.K. Sisto, Assoc. Warden Rodriguez, Assoc. Warden Singh, Capt. Sequira, Lt. Ferguson, Lt. R. Bender, Sgt. E. Major, Sgt. Cummins, Sgt. Durfey, Sgt. Garnica, Sgt. E. Gums, CCI Lane, CCII Arthur, Dr. Traquina, Dr. Noriega, Dr. Tan, Dr. Hsieh, Dr. Basi, MTA Rawdon, MTA Castrillo, MTA S. Hak, RN I. Kromann, RN King. AC, pp. 14, 20.  Plaintiff begins his allegations by listing a litany of case numbers, in which cases he alleges that all of the inmate plaintiffs are diabetics, that the inmates had initially filed suit as a putative class action but the claims have been severed into the separate cases.  He claims that the plaintiffs in the cases he sets forth have been denied their constitutional right to adequate law library access "with verified court deadlines for over 60 days [sic]." Amended Complaint (AC),

---

[1] In the amended complaint, plaintiff states that he is still in the process of exhausting his administrative remedies, with an appeal pending.

p. 17. He contends that only an inmate named Diaz was allowed library access within the last 30 days, thus making it impossible for any of these inmate plaintiffs to comply with court-ordered deadlines.

None of the above claims are colorable in the context of this amended complaint. In the first place, plaintiff has no standing to assert the rights of third parties. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974). In the second place, any complaints any of the individuals plaintiff references who are proceeding in separate cases has as to obtaining adequate access to the law library to proceed in their respective actions should be addressed by those plaintiffs in their separate cases. In the third place, plaintiff links the claims to no named defendant. All of plaintiff's allegations with respect to any inmate other than himself will be disregarded, i.e., the allegedly false serious rules violations, suffered by Inmate Diaz. AC, pp. 18-19.

Plaintiff claims, in generic fashion, to have met with all of the defendants he has named, "formally or informally," to protest the "blatant racial and disabled inmate discrimination and retaliation against Hispanic and African American inmates." AC, p. 21. He then goes on to allege that defendant Tan demonstrates in an unspecified manner racial discrimination and engages in unidentified acts of retaliation. Id. Unfortunately, plaintiff goes on to name three inmates other than himself as victims of the alleged wrongdoing as a result of filing administrative grievances. Id.

Plaintiff finally makes a reference to himself, stating that he has been "repeatedly 'threatened' with an adverse transfer." Id. Unfortunately, plaintiff then segues back into referencing another inmate. Id.

Plaintiff then alleges that defendants Dr. Tan, Rawdon, and Kromann conspire with defendants Tan [sic], Dr. Hsieh and Dr. Basi to retaliate and discriminate against Hispanic

and African American inmates who complain about unspecified "deliberately cruel medical indifference." AC, pp. 21-22. Plaintiff then goes onto, again in a broad and generic fashion, to allege that should an inmate complain about having had his medications inadvertently terminated or "blatantly discontinued" because he filed administrative appeals, both defendants Traquina and Noriega refuse to take action to protect inmates from the actions of the above-referenced defendants. AC, p. 22. Plaintiff alleges that defendant Dr. Basi continues to retaliate against plaintiff by refusing to renew plaintiff's ADA/Armstrong disability chronos and/or by refusing repeatedly to renew medications which his immediate supervisor, defendant Noriega, had renewed. In an extremely vague manner, plaintiff references defendants Rodriguez and Singh without stating how they are depriving him of a constitutional right.

Plaintiff seeks injunctive relief in the form of a prohibition of a retaliatory transfer of both himself, and his inmate assistant, Diaz. AC, p. 23. On the other hand, plaintiff asks that the defendants schedule and transport all of his medical records and test results, and that all prescribed medical treatments order by a Dr. Remington be provided to him immediately. Id. He asks for a permanent injunction to prohibit deliberate indifference to his medical needs based on his race or national origin. Id. One page of his amended complaint is almost entirely illegible. AC, p. 24. In unexplained and unreferenced attached exhibits, plaintiff includes a portion of grievance, dated 5/28/07, wherein he complains of having received back surgery, but says that he has never been placed on the lower tier, nor have his lower mobility impairments or back surgery limited his daily activities or limited him more than other ADA/Armstrong inmates. AC attachment, p. 26. He also complains that he is "more than able to continue to program at CSP Solano," that he is to have a parole hearing within 120 days. He complains that his back surgeon, Dr. Remington (not a defendant), has not done a "post-op" on his back that is "extremely late." He claims that it is a violation of "Plata" to transfer him while he is awaiting further medical treatment that might not be available at another prison. Id. He claims that defendant Tan's insistence on his transfer is retaliation based on plaintiff's insistence that he have a follow-up

appointment with his back surgeon. Id. In the remaining attachments, plaintiff includes appeal responses to his grievance concerning his chief complaint, which appears to be that he has not been seen by Dr. Remington following his back surgery. AC, attach., pp. 27-31, 33-41. One attachment is a copy of a grievance response directed to Inmate Diaz as to Diaz's complaints. Id., at 32. An appeal response from defendant Dr. Noriega indicates that a follow-up visit is being arranged for plaintiff with Dr. Remington, and that plaintiff has been provided a lower bunk chrono and a cane. Id, at 39.

Plaintiff's claims with respect to the defendants named in his amended complaint are either too broad and conclusory or are inadequately supported by his allegations or his attached exhibits. In his TRO/PI motion, plaintiff complains, barely coherently, that he is being denied his pain medication, Diazepan, by Dr. Basi for a tumor and abnormal blood vessels in an effort "to coerce" plaintiff into somehow giving up his ADA status. Defendants Tan and Traquina also somehow participate in this effort to force plaintiff to choose between medications and ADA status. TRO/PI, pp. 1-3, 11. He claims that Diazepan controls his seizures, that he defecates and urinates on himself during seizures and that the medication helps control his severe migraines. Id., at 3. Oddly, plaintiff does not reference this condition in his amended complaint, nor does he provide supporting exhibits to demonstrate that he has suffers from the condition at issue or that he is being deprived of the medication to treat it.

Plaintiff's amended complaint must again be dismissed. Plaintiff has altogether failed to cure the defects of his original complaint. As to a number of the defendants that plaintiff has named, he sets forth no allegations whatever. As to those defendants against whom he has set forth allegations, plaintiff's complaint must be dismissed because the claims that are made are vague and conclusory. Plaintiff has failed to identify the conduct of each defendant that he alleges deprived him of a constitutional right, and continues to sweepingly refer to insufficiently described conduct as discriminatory or deliberately indifferent. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As was noted in the earlier order, plaintiff has standing only to assert his own claims. Halet v. Wend Inv. Co., supra, 672 F.2d at 1308. In the prior order plaintiff was informed that to the extent that plaintiff seeks to set forth violations of the ADA, plaintiff may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002). Plaintiff cannot seek damages pursuant to the ADA against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir.

2001).

Moreover, Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978 Plaintiff has been unable to set forth a colorable claim herein based on the ADA, in the continuing vague and conclusory allegations. At this time, the court will recommend that this action be dismissed without further leave to amend. "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987); Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999) (Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.")

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

could not be cured by the allegation of other facts.").

Finally, the court cannot help but note that plaintiff concedes that he filed this action prior to the exhaustion of administrative remedies. See Roman Numeral II on the [amended] complaint. While this is a defense, it would inevitably be raised by defendants. Sending the amended complaint put for another rewrite would eventually be an idle exercise on account of lack of exhaustion if not the merits as well.

Accordingly, IT IS ORDERED that the Findings and Recommendations, filed on November 27, 2007, be vacated.

IT IS HEREBY RECOMMENDED that plaintiff's December 17, 2007, amended complaint be dismissed, his motion for a TRO/preliminary injunctive relief be denied and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/01/08                                    /s/ Gregory G. Hollows

                                                   UNITED STATES MAGISTRATE JUDGE

GGH:009
soco1313.b1+